# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE SUDANO, on behalf of herself and all others similarly situated, ) | Civil Action No.: |
| ) | |
| Plaintiff, ) | |
| ) | **CLASS AND COLLECTIVE** |
| v. ) | **ACTION COMPLAINT** |
| ) | |
| TEXAS ROADHOUSE INVESTMENTS OF ) | |
| BEAVER PA, LLC., TEXAS ROADHOUSE ) | **JURY TRIAL DEMANDED** |
| INVESTMENTS OF BUTLER PA, LLC., ) | |
| TEXAS ROADHOUSE INVESTMENTS OF ) | |
| GREENSBURG PA, LLC., TEXAS ) | |
| ROADHOUSE INVESTMENTS OF ) | |
| WASHINGTON PA, LLC., ROBERT P. ) | |
| LANGLEY, and DOE DEFENDANTS 1-10. ) | |
| Defendants. | |

Plaintiff Renee Sudano ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## INTRODUCTION

1.      This is a class and collective action brought on behalf of "Tipped Employees" who work or have worked at restaurants operating under the trade name Texas Roadhouse in the Commonwealth of Pennsylvania that are owned and operated and/or managed by Defendants Texas Roadhouse Investments of Beaver PA, LLC, Texas Roadhouse Investments of Butler PA, LLC, Texas Roadhouse Investments of Greensburg PA, LLC, Texas Roadhouse Investments of Washington PA, LLC, and Robert P. Langley, and have been subject to the unlawful practices detailed herein.

2.      As detailed below, upon information and belief, each of the Texas Roadhouse entities at issue maintain the same corporate address and share common ownership and employment policies, including those relating to the compensation of Tipped Employees.

3.      As such, upon information and belief, the employment practices complained of herein occurred at all of the Texas Roadhouse locations at issue, as Defendants utilized common labor policies and practices at each of their locations.  Accordingly, Defendants are responsible for the employment practices complained of herein.

4.      Defendants employ individuals in a tipped capacity, namely "servers" ("waiters and "waitresses"), "server assistants/bussers," and "bartenders" (collectively, "Tipped Employees"), who are and/or were subjected to Defendants' unlawful pay practices.  As Tipped Employees, these individuals were primarily responsible for interacting with Defendants' customers by, among other things, taking customers' orders and/or serving them their food/drink.

5.      As explained in detail below, Defendants systematically and willfully deprived Plaintiff and other Tipped Employees of minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, and the Wage Payment and Collection Law, 43 Pa. S. § 260.1, *et seq.,* ("WPCL") by, among other things, failing to satisfy the notice requirements of the tip credit provisions of the FLSA and PMWA.

6.      Due to Defendants' unlawful failure to properly inform Tipped Employees of its intention to utilize a "tip credit", Defendants have improperly applied a "tip credit" against the wages paid to Plaintiff and current and former Tipped Employees, thus paying them less than the mandated minimum wage.

7.      Further, Defendants required Plaintiff and current and former Tipped Employees to perform numerous job duties when there was no possibility for that employee to generate tips.  For example, Tipped Employees who were opening the restaurant were required to be at the restaurant one hour prior to the restaurant opening to the public.  Similarly, Tipped Employees who were

responsible for closing the restaurant were required to perform their assigned break-down work after the last customer had left.

8.      This work included but is not limited to, cleaning the restaurant, taking out trash, rolling silverware, restocking bins, filling ice bins, cleaning coffee and soda machines, and setting up/breaking down prep stations.  Notably, because this work was performed either before or after the restaurant opened/closed, Plaintiff and other Tipped Employees could not receive tips during this time.

9.      Despite performing this unrelated non-tipped work, Defendants paid Plaintiff and current and former Tipped Employees a sub-minimum wage for performing this work.

10.     As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

<u>**SUMMARY OF CLAIMS**</u>

11.     Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA" or the "Act").

12.     In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Tipped Employees who have worked for Defendants within the statutory period covered by this Complaint and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Class").

13.     In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid wages, and failing to pay the applicable minimum wage, pursuant to the PMWA and WPCL (collectively, "PA State Laws").

14.     Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Tipped Employees who have worked for Defendants in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint (the "PA Class").

15.     The Collective Class and the PA Class are hereafter collectively referred to as the "Classes."

16.     Plaintiff alleges on behalf of the Collective Class that they are: (i) entitled to unpaid minimum wages from Defendants for hours worked for which Defendants failed to comply with the notice provisions of the tip credit and pay the mandatory minimum wage, as required by law and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

17.     Plaintiff alleges on behalf of the PA Class that Defendants violated PA State Laws by failing to comply with the tip credit provisions, as required by law, and consequently failing to pay them the appropriate minimum wages for all hours worked.  In addition, Defendants also violated PA State Laws by failing to pay PA Class members the full minimum wage for time spent performing non-tip generating work.

## **PARTIES**

18.     Plaintiff Renee Sudano is a resident of the Commonwealth of Pennsylvania who was employed by Defendants as a "server" at its Monaca, Pennsylvania location (located at 116 Wagner Road, Monaca, PA 15061).  While employed as a Tipped Employee, Defendants failed to compensate Plaintiff properly for all hours worked.

19.     Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action.  Said Consent To Sue form is attached hereto as Exhibit A.

20.     Defendant Texas Roadhouse Investments of Beaver PA, LLC ("Texas Roadhouse Beaver") operates a restaurant employing Tipped Employees under the trade name Texas Roadhouse at the following location 116 Wagner Road, Monaca, PA 15061.  Defendant Texas Roadhouse Beaver maintains its principal office at 300 West Vine Street, Suite 2200, Lexington, Kentucky 40507.  At all relevant times during the statutory period covered by this Complaint, Defendant Texas Roadhouse Beaver has transacted business within the Commonwealth of Pennsylvania, including within this district.

21.     Defendant Texas Roadhouse Investments of Butler PA, LLC ("Texas Roadhouse Butler") operates a restaurant employing Tipped Employees under the trade name Texas Roadhouse at the following location: 101 Clearview Circle, Butler, PA 16001. Defendant Texas Roadhouse Butler maintains its principal office at 300 West Vine Street, Suite 2200, Lexington, Kentucky 40507. At all relevant times during the statutory period covered by this Complaint, Defendant Texas Roadhouse Butler has transacted business within the Commonwealth of Pennsylvania, including within this district.

22.     Defendant Texas Roadhouse Investments of Greensburg PA, LLC ("Texas Roadhouse Greensburg") operates a restaurant employing Tipped Employees under the trade name Texas Roadhouse at the following location: 6228 State Route 30, Greensburg, PA 15601. Defendant Texas Roadhouse Greensburg maintains its principal office at 300 West Vine Street, Suite 2200, Lexington, Kentucky 40507. At all relevant times during the statutory period covered by this Complaint, Defendant Texas Roadhouse Greensburg has transacted business within the Commonwealth of Pennsylvania, including within this district.

23.     Defendant Texas Roadhouse Investments of Washington PA, LLC ("Texas Roadhouse Washington") operates a restaurant employing Tipped Employees under the trade

name Texas Roadhouse at the following location: 311 Washington Road, Washington, PA 15301. Defendant Texas Roadhouse Washington maintains its principal office at 300 West Vine Street, Suite 2200, Lexington, Kentucky 40507. At all relevant times during the statutory period covered by this Complaint, Defendant Texas Roadhouse Washington has transacted business within the Commonwealth of Pennsylvania, including within this district.

24.     Defendant Robert P. Langley is identified on the corporate filings of Texas Roadhouse Beaver, Texas Roadhouse Butler, Texas Roadhouse Greensburg, and Texas Roadhouse Washington as the managing member of each limited liability corporation. As the managing member of each of the limited liability corporations, upon information and belief, Defendant Langley exercises sufficient control over the labor policies and practices of the Texas Roadhouse entities complained of herein to be considered the employer of Plaintiff and the Classes for the purposes of the FLSA and PA State Laws.

25.     Defendants Texas Roadhouse Beaver, Texas Roadhouse  Butler, Texas Roadhouse Greensburg, Texas Roadhouse Washington, and Robert P. Langley are collectively referred to herein as "Defendants."

26.     At all relevant times during the statutory period covered by this Complaint, Defendants have operated as a "single enterprise" within the definition of Section 203(r)(1) of the FLSA. Defendants uniformly operated its restaurants throughout the Commonwealth of Pennsylvania under common control for a common business purpose.

27.     Defendants are a single and joint employer with a high degree of interrelated and unified operations.  Upon information and belief, Defendants share, among other things, common management, common employees, and common human resources and payroll services amongst

the restaurant locations.   All of Defendants' locations share the common labor policies and practices complained of herein.

28.     Indeed, upon information and belief, Defendants own and operate the four Texas Roadhouse franchise locations in the Commonwealth of Pennsylvania so as to conform to the overall Texas Roadhouse brand – thereby seeking to have customers enjoy the same dining experience across different restaurant locations.

29.     Upon information and belief, the sole reason for separate corporate entities was to limit the liability of Defendants. Evidencing the interrelation and unified operation of the Defendants' entities, each of the entities maintain the same corporate address with the same corporate officers.

30.     Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become known to Plaintiff. Plaintiff believes there are additional entities employing Tipped Employees that have not yet been identified. Upon information and belief, Plaintiff alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the Defendants.  In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship.

## JURISDICTION AND VENUE

31.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

32.     Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

33.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

34.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

35.    The crux of the FLSA and PA State Laws is, *inter alia*, that all employees are entitled to be paid mandated minimum wages for all hours worked.

36.    Contrary to these basic protections, Plaintiff and the members of the Classes were deprived of the mandated minimum wage for all hours they worked.

37.    Plaintiff and the members of the Classes are, or were, Tipped Employees employed by Defendants.

38.    Upon information and belief, all of the Defendants' restaurant locations are/were operated under uniform policies/procedures applicable to all members of the Classes, including subjecting Tipped Employees to the unlawful pay practices complained of herein.

39.    Evidencing this fact, on the Texas Roadhouse website, an individual is able to apply online to any Texas Roadhouse location, including the franchise locations owned by Defendants. By way of further example, the description for "server" is identical for all Texas Roadhouse locations.

40.    As such, upon information and belief, the employment practices complained of herein occurred at all of Defendants' locations within this Commonwealth as Defendants utilized common labor policies and practices at each of their locations.  Accordingly, Defendants are responsible for the employment practices complained of herein.

### Plaintiff's Experience Working For Defendant

8

41.     As set forth above, Plaintiff was employed by Texas Roadhouse as a "server" in their Texas Roadhouse Beaver location. Plaintiff worked at this location from in or about February 2015 to February 2016.

42.     Plaintiff was paid an hourly cash wage rate from Defendants and earned tips from customers who chose to leave a gratuity.

43.     Plaintiff's hourly wage rate from Defendants was $2.83 an hour. Plaintiff does not ever recall the hourly wage being raised by Defendants above $2.83 for any day worked, irrespective of how little tips were earned or the type of work performed.

44.     Plaintiff typically worked for Defendants on the following days: Monday, Wednesday, Friday, and Sunday, with the average shift starting at 5:00 p.m. Plaintiff typically finished her work and left the restaurant around 12:00 a.m.  On occasion, Plaintiff left as early as 11:00 p.m. when she worked during the week and as late as 1:00 a.m. when she worked during the weekend.  How late Plaintiff left Defendants' establishment depended on how much break down work she had to do at the end of her shift.

45.     Plaintiff recalls that the restaurant closed at 10:00 p.m. every night, except Friday and Saturday nights when the restaurant closed at 11:00 p.m.  Consequently, Plaintiff performed at least an hour or more of clean up and break down work at the end of each closing shift worked.

46.     Some of the typical break down work Plaintiff and the other Tipped Employees performed when closing the restaurant included, but was not limited to, rolling silverware, filling the ice bins, breaking down the coffee bar, stocking coffee cups, and filling the salad dressings.

47.     Plaintiff recalls that it was Defendants' policy/practice to have Tipped Employees assigned to sections of the restaurant.  Each section then had a corresponding set of tasks that were required to be performed by the Tipped Employees closing restaurant that night.

48.     From time to time, Plaintiff worked the opening shift.  Plaintiff recalls that, if she had to work an opening shift, it was usually on a Sunday.

49.     Defendants required Tipped Employees, including Plaintiff, to report to work one hour before the restaurant opened to the public.  During this hour, Tipped Employees, including Plaintiff, were required to perform a series of opening restaurant tasks.  Such work included, for example, making coffee and tea, fill the ice bins, and set up the tables for the expeditor.

50.     Plaintiff recorded their work time by logging into Defendants' timekeeping system through the point-of-sale ("POS") system.

51.     The precise amount of time Plaintiff recorded as working each week, upon information and belief, is maintained in Defendants' employment and/or payroll records.

52.     Notably, Plaintiff was never instructed to clock in under a different job code when performing non-tip generating work (such as when rolling silverware or performing strictly "side work") or when working prior to or after the restaurant opened/closed.  Indeed, to the best of Plaintiff's knowledge, Defendants did not keep track of such time separately from Plaintiff's entries into the POS system.

53.     Importantly, Plaintiff does not ever recall being told that certain pay practices and/or restaurant procedures only applied to her.  Accordingly, upon information and belief, Plaintiff believes that her experience with Defendants was typical of the experience other Tipped Employees had with Defendants regarding their pay practices and restaurant procedures.

## The Tip Credit Provision & Requirements

### FLSA Requirements

54.     Rather than pay its Tipped Employees the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendants chose to take a tip credit and pay these employees less than the applicable minimum wage.

55.     Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the cash wage paid by the employer equals at least the applicable minimum wage.[1]

56.     According to the Department of Labor's ("DOL") Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

57.     As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must comply with five strict notification requirements.

58.     First, the employer must notify the employee of the amount of the cash wage the employer is paying the Tipped Employee and that amount must equal at least $2.13 per hour.

59.     Second, the employer must notify the Tipped Employee of the amount the employer is claiming as a tip credit.  In accordance with the FLSA, the tip credit claimed cannot exceed $5.12 per hour.

---

[1] An employer is not relieved of their duty to pay an employee wages at least equal to the minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in excess of the applicable minimum wage.  That is, an employer in the restaurant industry must pay the employee wages at least equal to the minimum wage or equal to the minimum wage less the tip credit, provided the tips claimed exceed the tip credit.  Under no circumstances is the employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in tips.

60.     Third, the employer must inform the Tipped Employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee.  In effect, the employer must inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

61.     Fourth, the employer must notify the Tipped Employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

62.     Finally, the Tipped Employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

63.     In short, Fact Sheet #15 effectively sets forth in plain English what is required under the regulations for an employer to properly claim a tip credit.

64.     An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[2]  If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

65.     Further, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference.  Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash component

---

[2] Courts have strictly construed this notification requirement.  Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

66.     As set forth herein, Defendants failed to comply with certain of the FLSA's provisions regarding the claiming of a tip credit.

*Pennsylvania's Requirements*

67.     Pennsylvania state law has a substantially similar requirement to the FLSA's tip notification requirements.  *See* 43 P.S. § 333.103(d).

68.     Importantly, however, Pennsylvania mandates a higher minimum cash wage and requires employers to pay at least $2.83 per hour.  Thus, under Pennsylvania law, the maximum tip credit is $4.42 per hour.[3]

69.     As such, an employer cannot be said to have complied with Pennsylvania's tip credit notification requirements where the employer simply relies on United States Department of Labor mandated posters, as said posters do not explicitly identify the tip credit amount in Pennsylvania (as it differs from the FLSA tip credit amount).

70.     In addition, 34 Pa. Code § 231.34 also requires employers to maintain payroll records that contain the following information:

(1)  A symbol or letter placed on the pay records identifying each employee whose wage is determined in part by tips;

(2)  Weekly or monthly amount reported by the employee, to the employer, of tips received.  This may consist of reports made by the employees to the employer on IRS Form 4070;

---

[3] Like the FLSA, Pennsylvania law states that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the employee.  *See* 43 P.S. § 333.103(d).

(3)  Amount by which the wages of each tipped employee have been deemed to be increased by tips, as determined by the employer, not in excess of 45% of the applicable statutory minimum wage until January 1, 1980 and thereafter 40% of the applicable statutory minimum wage.  The amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week;

(4)  Hours worked each workday in any occupation in which the tipped employee does not receive tips and total daily or weekly straight-time payment made by the employer for such hours; and

(5)  Hours worked each workday in occupations in which the employee received tips and total daily or weekly straight-time earnings for the hours.

### Defendants' Failure To Comply With Applicable Wage Laws

71.    As explained above, the DOL has very specific requirements regarding what an employer must notify his/her employee of if that employer intends to claim a tip credit.

72.    Rather than comply with the notification requirements set forth in Fact Sheet #15, Defendant chose to simply pay their Tipped Employees $2.83 per hour. In short, Defendants failed to conform to the strict regulatory requirements necessary to satisfy the tip credit notification provisions.

73.    For example, Plaintiff does not ever recall being notified by Defendants that it intended to take a "tip credit," nor how much that amount would be.  Evincing the magnitude of Defendant's abject failure to notify Tipped Employees of their intention to take a tip credit, until recently, Plaintiff never even heard the term "tip credit."

74.     Indeed, with respect to how Defendants intended to pay Plaintiff, Plaintiff only recalls being told during her interview that Defendants would pay her "$2.83 per hour plus tips." Plaintiff does not recall ever receiving any other information regarding how she would be compensated.

75.     Defendants also failed to ensure that Plaintiff received enough tips to justify the maximum tip credit claimed by Defendants.  For example, Plaintiff recalls several instances where she worked a full shift of seven or more hours and left Defendants' establishment with only $30 in tips (clearly below the requisite amount necessary to substantiate the maximum tip credit of $4.42 Defendants claimed).  When Plaintiff earned little to no tips, Plaintiff does not ever recall Defendants adjusting her hourly rate upwards so as to account for the low tip amount received.

76.     The Third Circuit and district courts across the country have held that where an employer fails to satisfy any one of the notification requirements, including claiming the applicable tip credit amount in light of the tips received, that employer forfeits the tip credit and must pay the employee the full minimum wage.

77.     Defendants also failed to comply with 43 P.S. 231.34 insofar as it failed to notify employees in writing whenever the tip credit claimed by Defendants changed.  Rather, Defendants took the maximum tip credit permissible irrespective of whether its Tipped Employee actually earned sufficient tips to substantiate the tip credit claimed.

78.     Further, Defendants also violated applicable Pennsylvania wage laws by requiring Tipped Employees, including Plaintiff, to be paid a sub-minimum wage for work performed when the Tipped Employee had no opportunity to generate tips, such as before or after the restaurant was opened/closed to the public. At no time did Defendants have Plaintiff or other Tipped Employees clock in under a different code or pay these individuals the full minimum wage, instead

electing to continue to pay them the minimum cash wage and continuing to claim the tip credit despite the fact that these employees could not earn tips during this time.

79.     Such conduct constitutes a violation of 43 P.S. 231.34 insofar as Defendants failed to record the hours where Plaintiff and the other Tipped Employee were engaged in non-tip generating work.

80.     Because of the above violations, **Defendants owe Plaintiff** and the other Tipped Employees **$4.42 for every hour they worked** and were only paid $2.83 per hour.  Thus, the amounts due and owing are significant.  Stated differently, due to Defendants' failure to comply with applicable wage laws, Defendants could not claim a tip credit and owe Plaintiff and other Tipped Employees the full minimum wage for every hour worked.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

81.     Plaintiff brings this action on behalf of the Collective Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b).  Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the PA Class for claims under the PA State Laws.

82.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).  The claims brought pursuant to the PA State Laws may be pursued by all similarly-situated persons who do not opt-out of the PA Class pursuant to Fed.R.Civ.P. 23.

83.     Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, given that Defendants operate numerous restaurants, there are likely dozens, if not hundreds, of individuals in each of the Classes.

84.     Defendants have acted or has refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

85.     The claims of Plaintiff are typical of the claims of the Classes she seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendants and were subject to the same compensation policies and practices.

86.     Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

        (a)     whether Defendants have failed to pay the full minimum wage for each hour worked;

        (b)     whether Defendants satisfied each of the requirements in order to claim a tip credit against each hour worked;

        (c)     whether Defendants were precluded from claiming the tip credit during the period encompassed by this Complaint; and

        (d)     whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages.

87.     Plaintiff will fairly and adequately protect the interests of the Classes as her interests are aligned with those of the members of the Classes.  Plaintiff has no interests adverse to the Classes she seeks to represent and has retained competent and experienced counsel.

88.     The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of

litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

89.     Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

90.     Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of the PMWA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS
### (On Behalf of the Collective Class)

91.     Plaintiff, on behalf of herself and the Collective Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

92.     At all relevant times, Defendants has had gross revenues in excess of $500,000.

93.     At all relevant times, Defendants have been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

94.     At all relevant times, Defendants have employed, and/or continues to employ, Plaintiff and each of the Collective Class Members within the meaning of the FLSA.

95.     Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the federally-mandated minimum wage, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

96.     Defendants have violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

97.     Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the Collective Class, are entitled to recover from the Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b)..

**SECOND CLAIM FOR RELIEF**
**PENNSYLVANIA MINIMUM WAGE ACT– MINIMUM WAGE VIOLATIONS**
**(On Behalf of the PA Class)**

98.     Plaintiff, on behalf of herself and the members of the PA Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

99.     At all relevant times, Defendants have employed, and/or continues to employ, Plaintiff and each of the PA Class Members within the meaning of the PMWA.

100.    Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the Pennsylvania mandated minimum wage, Defendants improperly took a tip credit and paid Tipped Employees at a rate well below the Pennsylvania minimum wage.

101.    Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the required minimum wage in Pennsylvania, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

102.    As a result of Defendants' willful practices, Defendants were not entitled to claim the tip credit and pay Plaintiff and the members of the PA Class less than the Pennsylvania minimum wage for all hours worked.

103.    Further, Defendants also violated the PMWA by failing to pay Plaintiff and members of the PA Class the full minimum wage when said individuals performed non-tip generating work for Defendants.

104.     Defendants have violated and, continue to violate, the PMWA, 43 Pa. C.S.C. § 333.101 *et seq.*

105.     Due to the Defendants' violations, Plaintiff, on behalf of herself and the members of the PA Class, are entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**PENNSYLVANIA WAGE PAYMENT COLLECTION LAW**
**(On Behalf of the PA Class)**

106.     Plaintiff, on behalf of herself and the members of the PA Class, realleges and incorporate by reference the paragraphs above as if they were set forth again herein.

107.     At all relevant times, Defendants have employed, and/or continues to employ, Plaintiff and each of the PA Class Members within the meaning of the WPCL.

108.     Pursuant to the WPCL, 43 Pa. S. § 260.1 *et seq.* Plaintiff and the members of the PA Class were entitled to receive all compensation due and owing to them on their regular payday.

109.     As a result of Defendants' unlawful policies, Plaintiff and the members of the PA Class have been deprived of compensation due and owing.

110.     Indeed, it is black letter law that an employee cannot voluntarily agree or contract to be paid less than the legal minimum wage for each hour worked.  Accordingly, at a minimum, an employee must contract to be paid at least the minimum wage for each hour worked.  Through the practices described above, Defendants paid Plaintiff and other Tipped Employees less than what they were effectively bound to pay -- the legal minimum wage for each hour worked.

111.     Plaintiff, on behalf of herself and the members of the PA Class, are entitled to recover from Defendants the amount of unpaid compensation, and an additional amount of 25% of the unpaid compensation as liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Collective Class and members of the PA Class respectfully requests the Court grant the following relief:

A.      Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

B.      Designation of the action as a class action under F.R.C.P. 23 on behalf of the PA Class;

C.      Designation of Plaintiff as representative of the Collective Class and the PA Class;

D.      Designation of Plaintiff's counsel as class counsel for the Collective Class and the PA Class;

E.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and PMWA;

F.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G.      An award of unpaid minimum wages to Plaintiff and the members of the Classes;

H.      An award of liquidated damages to Plaintiff and members of the Classes;

I.      An award of statutory interest due and owing;

J.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

K.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

a trial by jury on all questions of fact raised by the complaint.


Dated: January 22, 2019                          Respectfully submitted,

                                                 By: /s/ Gary F. Lynch

                                                 **CARLSON LYNCH SWEET KILPELA
                                                 & CARPENTER, LLP**
                                                 Gary F. Lynch (PA ID# 56887)
                                                 1133 Penn Ave, 5th Floor
                                                 Pittsburgh, PA 15222
                                                 T: 412-322-9243
                                                 F: 412-231-0246
                                                 glynch@carlsonlynch.com

                                                 **CONNOLLY WELLS & GRAY, LLP**
                                                 Gerald D. Wells, III
                                                 Robert J. Gray
                                                 2200 Renaissance Blvd., Suite 275
                                                 King of Prussia, PA 19406
                                                 Telephone: 610-822-3700
                                                 Facsimile: 610-822-3800
                                                 gwells@cwglaw.com
                                                 rgray@cwglaw.com

                                                 *Attorneys for the Plaintiff*